# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-30241
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANGEL JESUS ISIDRO-CALLEJA, also known as Angel Calleja Isidro, also known as Angel Callejas, also known as Jesus Ortiz, also known as Angel Calleja, also known as Angel Jesus Isidro, also known as Angel Calljas, also known as Carlos Perez, also known as Angel Isidro, also known as Angel Jesus Calleja

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-308-1

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Angel Isidro-Calleja was convicted of one count of illegal reentry into the United States, and the district court sentenced him to serve 92 months in prison, which exceeded the recommended guidelines range. The district court's choice of sentence was based on its conclusions that the advisory guidelines sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range failed to adequately account for the seriousness of the offense, to provide just punishment for the offense, and to act as an adequate deterrent as well as its finding that this range was inadequate to protect the public from further crimes committed by Isidro-Calleja. The district court further determined that the sentence imposed was appropriate based on Isidro-Calleja's history, which included three previous illegal entries into this country.

Isidro-Calleja now challenges his sentence. He argues that the district court's choice of sentence is unreasonable and improper because most of the factors that the district court relied on are already accounted for in the Guidelines. He also contends that the district court failed to give an adequate explanation for its choice of sentence.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), district courts retain the duty to properly calculate and consider the applicable sentencing range under the Sentencing Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a), when fashioning a sentence. United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). When reviewing a sentence, we consider whether the district court committed significant procedural error and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594, 597 (2007). The district court's sentencing decision is ultimately reviewed for an abuse of discretion. Id.

Isidro-Calleja has not shown that the district court abused its discretion when sentencing him. The reasons given by the district court are both proper and sufficient to support its choice of sentence. See United States v. Lopez-Valesquez, 526 F.3d 804, 805 (5th Cir. 2008), cert. denied, 77 U.S.L.W. 3324 (Dec. 1, 2008); United States v. Bonilla, 524 F.3d 647, 657-58 (5th Cir. 2008), petition for cert. filed (Oct. 3, 2008) (no. 08-6668). The judgment of the district court is AFFIRMED.